UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,

                       Plaintiff,                              **MEMORANDUM & ORDER**

     -against-

                                                                17-CV-3744 (PKC)(RER)

SHERAZ KHAN and CHRISTINE LU a/k/a LU CHEN
a/k/a CHRISTINE CHEN d/b/a TAIPAN FUSION
RESTAURANT,
                       Defendants.
-----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

       Joe Hand Promotions, Inc. ("Plaintiff") brought this action against Sheraz Khan ("Khan"), d/b/a Taipan Fusion Restaurant, and Christine Lu, a/k/a Lu Chen, a/k/a Christine Chen ("Chen"), d/b/a Taipan Fusion Restaurant (collectively "Defendants"), for pirating Plaintiff's satellite and cable transmission in violation of 47 U.S.C. §§ 553 and 605, seeking damages under § 605. (Complaint, "Compl." Dkt. 1 at ¶¶ 1-3, 16-17.) This Court has jurisdiction under 28 U.S.C. § 1331. On November 29, 2017, Plaintiff moved for default judgment and requests damages in the amount of $25,525.00 and attorney's fees. (Dkt. 9-1 at ECF 12.)[1] On November 30, 2017, Plaintiff's motion was referred to the Honorable Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. §636(b). On May 21, 2018, Judge Reyes issued an R&R recommending that the Court partially grant Plaintiff's motion and that default judgment be entered against Defendants in the amount of $1,838.00, including $1,313.00 in statutory damages and court costs of $525.00. (Dkt. 10.) Plaintiff timely filed its objections on June 4, 2018. (Dkt. 11.) For the reasons set forth below, the Court adopts Judge Reyes's thorough and

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

well-reasoned R&R in its entirety, except that Plaintiff will be permitted to file a Motion and Fee Affidavit regarding attorney's fees.[2]

## STANDARD OF REVIEW

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See id.*; Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). Courts have held that when invoking *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections [.]" *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quotations and citations omitted).

However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations. Further, the objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quotations and citations omitted). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 08–CV–322, (TJM) (DRH) 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011) (citing *Farid*

---

[2] The Court presumes the parties' familiarity with the underlying facts of this action, which are set forth in detail in Judge Reyes's R&R. Accordingly, only the facts necessary for the decision on the objections to the R&R are discussed herein.

*v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. N.Y.C.*, No. 06-CV-5450 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009)). Moreover, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis v. Artus*, No. 06-CV-3077 (SLT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (quotations and citations omitted) (collecting cases).

## DISCUSSION

### I. Plaintiff's Objections

#### A. Statutory Damages

Plaintiff argues that the R&R erred in recommending an award of statutory damages as a "nominal" statutory "flat-fee" damages award of $1,313.00. (Plaintiff's Objections ("Pl.'s Obj."), Dkt. 11, at ECF 3-7.) However, because Plaintiff merely reiterates the arguments that it made to, and that were considered by, Judge Reyes, the Court reviews Judge Reyes's statutory damages determination for clear error, *O'Diah,* 2011 WL 933846 at *1, and finds none. The Court, therefore, adopts Judge Reyes's recommendation with regard to statutory damages, awarding Plaintiff $1,313.00 for the single violation alleged under 47 U.S.C. § 605(e)(3)(C)(i)(II).

#### B. Enhanced Damages

Plaintiff further argues that Judge Reyes erred in failing to recommend an award of discretionary enhanced statutory damages, arguing that the R&R: (1) failed to properly consider deterrence as a factor in awarding enhanced damages, and (2) denied enhanced damages solely on the basis that Defendants' conduct was not willful as determined by the five factors set forth in

3

*J & J Sports Prods., Inc. v. Big Daddy's Theme Palace, Inc.* ("*Big Daddy's*"), No. 14-CV-275 (JG) (JMA), 2015 WL 58606 (E.D.N.Y. Jan. 5, 2015).[3] Again, because Plaintiff's objections are based on the same arguments it made to, and were considered by, Judge Reyes, the Court reviews the R&R for clear error. *O'Diah,* 2011 WL 933846 at *1.

While Plaintiff is correct that courts in this Circuit have found that deterrence is a proper factor for the court to consider in determining whether enhanced damages are warranted in piracy cases such as this[4], and that enhanced damages may be awarded even where Plaintiff fails to adequately allege or establish any of the five *Big Daddy's* factors[5], the Court does not find that Judge Reyes's recommendation not to award enhanced damages here was clearly erroneous.[6]

---

[3] The five factors identified in *Big Daddy's* are: "(i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." 2015 WL 58606 at *5.

[4] *See*, *e.g.*, *J & J Sports Prods., Inc. v. Sugar Café Inc.*, No. 17-CV-5350 (RA), 2018 WL 324266, at *2 (S.D.N.Y. Jan. 5, 2018) ("An award of enhanced damages ensures that a willful defendant's profits are disgorged and aims to deter similar acts of cable piracy in the future.") (internal citations omitted).

[5] *See*, *e.g.*, *J & J Sports. Prods., Inc. v. El Sonador Café Restaurant, Inc.*, No. 15-CV-6934 (NG)(VMS), 2017 WL 598534, at *9 (E.D.N.Y. Jan. 3, 2017) (finding that, "even though Plaintiff in this case does not allege facts that support a finding under the above five factors[,] . . . there is evidence here that demonstrates that Defendants acted willfully in illegally intercepting the Event, warranting imposition of enhanced damages under Section 605(e)(3)(C)(ii).") (citing *J & J Sports Prods. v. Mangos Steakhouse & Bakery, Inc.*, No. 13-CV-5068 (RJD) (CLP), 2014 WL 2879868 at *8-9 (E.D.N.Y. May 7, 2014)); *J & J Sports Prod. v. McAdam* ("*McAdam*"), No. 14-CV-5461 (PKC)(CLP), 2015 WL 8483362 at *5 (E.D.N.Y. Dec. 9, 2015) (finding that "[t]he broadcast of an event without authorization is a deliberate act, and thus establishes willfulness.").

[6] The Court rejects Plaintiff's argument that the *Big Daddy's* factors are used to determine the appropriate amount of statutory damages to be awarded, and "not whether the conduct was willful." (Pl.'s Obj., at ECF 2.) As *Big Daddy's* itself makes clear: the five factors are used "[t]o *determine whether* willful conduct warrants an award of enhanced damages", 2015 WL 58606 at *5 (emphasis added).

Indeed, Judge Reyes's decision falls squarely within the majority of decisions issued in this Circuit in piracy cases nearly identical to this one.  (*See* R&R, Dkt. 10 at ECF 7, n.3 (collecting cases).)[7]

The Court, therefore, adopts Judge Reyes's recommendation that no enhanced damages be awarded under 47 U.S.C. § 605(e)(3)(C)(ii).

### C. Attorney's Fees

Finally, Plaintiff objects that the R&R erroneously denied Plaintiff's request for attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii) requires the Court to award costs and attorney's fees to an aggrieved party who prevails.  The R&R awarded Plaintiff costs in the amount of $525.00, but recommends Plaintiff's request for attorney's fees be denied because Plaintiff "has not submitted anything to substantiate its attorney's fees." (R&R at ECF 7.)   Plaintiff notes in its objection that "[i]n its Motion and the accompanying attorney affidavit, Plaintiff requested the Court allow it to file a separate Fee Affidavit."   (Pl.'s Obj., at ECF 7; Dkt. 9-1 at ECF 5, n.1, Dkt. 9-6, at ECF 2.)

The Court finds that it was error to deny Plaintiff's request to file a separate motion and fee affidavit for attorney's fees.   Given Defendants' default, Plaintiff is entitled to seek reasonable attorney's fees.  *See Joe Hand Promotions, Inc. v. Kings Point Restaurant, Inc.,* No. 17-CV-1870 (MKB) (CLP)*,* 2017 WL 6611705, at *8 (E.D.N.Y. Nov. 3, 2017) ("Pursuant to Section 605(e)(3)(B)(iii)[,] . . . the court 'shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails'").   The Court therefore respectfully

---

[7] Further, in contrast to the present case, in the one recent case where enhanced damages were assessed at over $10,000, *McAdam,* 2015 WL 8483362 at *5, the plaintiff offered evidence satisfying several of the *Big Daddy's* factors, including that the defendants: (1) exhibited the broadcasted event at issue "to approximately 100 patrons through five television screens, including patrons seated in a VIP area"; (2) "collected a cover charge of $20 per person, resulting in at least $2,000 in admission fees"; and (3) "advertised their exhibition of the [e]vent".  *McAdam* is thus clearly distinguishable from the instant case.

declines to adopt the R&R's denial of attorney's fees and instead grants Plaintiff's request to file a supporting Fee Affidavit along with a separate Motion for Attorney's Fees no later than fourteen (14) days after the entry of judgment. 47 U.S.C. § 605(e)(3)(B)(iii); Fed. R. Civ. P. 54(d)(2).

## CONCLUSION

Accordingly, for the reasons stated above, the Court adopts Judge Reyes's R&R in its entirety, except Plaintiff may submit a separate Motion for Attorney's Fees, along with a supporting Fee Affidavit, no later than fourteen (14) days after the entry of judgment. 47 U.S.C. § 605(e)(3)(B)(iii); Fed. R. Civ. P. 54(d)(2). The Court awards Plaintiff $1,313.00 in statutory damages and $525.00 in costs, for a total of $1,838.00. The Clerk of Court is respectfully requested to enter judgment.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 2, 2018
    Brooklyn, New York