UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,

                          Plaintiff,                  **MEMORANDUM & ORDER**
      -against-                                    17-CV-03744 (PKC)(RER)

SHERAZ KHAN and CHRISTINE LU, a/k/a LU
CHEN, a/k/a CHRISTINE CHEN, d/b/a TAIPAN
FUSION RESTAURANT,
                        Defendants.
-------------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Joe Hand Promotions, Inc. ("Plaintiff") brought this action against Defendants Sheraz Khan and Christine Lu, a/k/a Lu Chen, a/k/a Christine Chen, d/b/a Taipan Fusion Restaurant (collectively "Defendants"), alleging piracy of Plaintiff's satellite and cable transmission, in violation of the Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 ("Cable Act"), 47 U.S.C. §§ 553, 605, and seeking damages under § 605 of the Cable Act. (Complaint, ("Compl.") Dkt. 1 at ¶¶ 1-3, 16-17). On November 29, 2017, Plaintiff moved for default judgment and requested damages in the amount of $25,525 and attorneys' fees. (Dkt. 9-1 at ECF 12.)[1] On November 30, 2017, Plaintiff's motion was referred to the Honorable Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R"). On May 21, 2018, Judge Reyes issued an R&R recommending that the Court partially grant Plaintiff's motion and that default judgment be entered against Defendants in the amount of $1,838, including $1,313 in statutory damages and court costs of $525. (Dkt. 10.) On July 2, 2018, over Plaintiff's objection, the Court adopted Judge Reyes' R&R, except that Plaintiff was permitted to submit a motion for attorneys' fees within fourteen days of the entry of default judgment. (Dkt. 12.) Default judgment was entered

---

[1] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

1

by the Clerk of Court on July 2, 2018. (Dkt. 13.) Presently before the Court is Plaintiff's request for attorneys' fees and costs. For the reasons set forth below, the Court awards Plaintiff's counsel attorneys' fees in the amount of $1,848.

## BACKGROUND

Plaintiff seeks attorney's fees for his counsel, Jon D. Jekielek, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), in the amount of $3,640 in connection with 9.1 hours of work he states that he spent on this matter. (Fee Affidavit ("Fee Aff.")[2], Dkt. 14 at ¶¶ 4, 10, 11.) Mr. Jekielek claims an hourly rate of $400. (Fee Aff. at ¶¶ 9, 11.) Mr. Jekielek has eleven years of experience as an attorney. He has been a practicing member of the New York Bar since 2007 and is also admitted to practice in the U.S. District Courts for the Eastern, Southern, Northern, and Western Districts of New York. He is a founding partner at the firm Jekielek & Janis, LLP, which has litigated federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events for over seven years. (Fee Aff. at ¶¶ 2, 3.) According to Mr. Jekielek's time records, his time was spent on the following tasks: (1) reviewing the file; (2) preparing and filing the Complaint; (3) preparing and filing a Request for Certificate of Default; (4) researching, preparing, and filing a Motion for Default Judgment; (5) reading the R&R; (6) researching, drafting, and filing objections to the R&R; (7) reading the Order modifying the R&R; and (8) researching, preparing, and filing his Declaration in Support of his Request for Attorneys' Fees. (Fee Aff., Exhibit A ("Ex. A"), Itemized Time Record Hours, Dkt. 14-1, at ECF 2.)

---

[2] Citations to "Fee Aff." refer to the Declaration of Jon D. Jekielek, Esq. In Support Of Plaintiff's Request For Attorneys' Fees And Costs. (Dkt. 14.)

Plaintiff additionally seeks $380 for 3.8 hours that Mr. Jekielek states Ms. Brubaker, a paralegal at his firm, spent on this matter. Ms. Brubaker's hourly rate is $100. (*Id*. at ¶¶ 8, 10, 11.) However, no time records have been provided for Ms. Brubaker.

Plaintiff finally requests an extra $10 in costs above the costs previously awarded in the Default Judgment (Dkt. 13) based on the cost of service that Plaintiff now claims was $135, versus $125, as previously claimed. (*Compare* Fee Aff., at ¶ 12 *with* Declaration of Jon D. Jekielek, dated 11/29/17 ("Jekielek Decl."), Dkt. 9-6, at ¶¶ 9, 11.) Mr. Jekielek provides no documentation to substantiate the extra $10 in service-related costs.

## DISCUSSION

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Plaintiff, as the prevailing party, is entitled to costs and reasonable attorneys' fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii) (stating that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"); *see also International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993). Courts in the Second Circuit employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *See Perdue v. Kenny A.,* 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany* ("*Arbor Hill*"), 522 F.3d 182, 183 (2d Cir. 2008). Although there is a "strong presumption that this amount represents a reasonable fee, the resulting lodestar figure may be adjusted based on certain other factors." *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.* ("*Kings Point Rest.*")*,* No. 17-CV-01870 (MKB) (CLP), 2017 WL 6611705, at *8–9 (E.D.N.Y. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 6611571 (E.D.N.Y. Dec.

27, 2017) (internal quotation marks and citation omitted); *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999).

As the court explained in *Kings Point Rest*., 2017 WL 60611705, at **8-9:

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay. *See Arbor Hill* [. . .], 522 F.3d at 183-84. To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id*. In *Arbor Hill,* the Second Circuit adopted the following factors to guide the Court's inquiry as to what constitutes a reasonable hourly rate:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the level of skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the attorney's customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved in the case and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases....

*Id.* at 187 n.3 (citation omitted).

\* \* \*

In awarding attorney's fees, the Court is guided by the fact that default actions are relatively simple legal matters, while taking into account the attorney's degree of skill and the Court's own experience dealing with similar claims.

The district court should also "examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Joe Hand Promotions, Inc. v. Blais,* No. 11-CV-1214 (FB) (MDG), 2013 WL 5447391, at *6 (E.D.N.Y. Sept. 30, 2013) (citing *Lunday v. City of Albany,* 42 F.3d 131, 133 (2d Cir. 1994); *DiFilippo v. Morizio,* 759 F.2d 231, 235 (2d Cir. 1985)). If any expenditure of time was unreasonable, the reviewing court should exclude these hours from the calculation. *See Lunday,* 42 F.3d at 133. "[E]xcessive,

redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims" should, therefore, be excluded from the calculation of attorney's fees. *Quaratino,* 166 F.3d at 425.

Here, Mr. Jekielek requests attorney's fees of $3,640, in connection with 9.1 hours of work at a rate of $400/hour. However, the Court finds both the calculation of hours worked and the hourly rate of $400 to be unduly excessive, in light of the relevant factors, *see Arbor Hill,* 522 F.3d at 183-84, as well as similar default judgment cases that Mr. Jekielek has litigated. First, 9.1 hours "is unreasonable given the cumulative, 'boilerplate' nature of Cable Act cases." *Joe Hand Promotions, Inc. v. Terranova*, No. 12-CV-3830 (FB) (VVP), 2014 WL 1028943, at *9 (E.D.N.Y. Mar. 14, 2014); *Joe Hand Promotions, Inc. v. Zyller*, No. 11-CV-03762 (NGG) (VVP), 2014 WL 59979, at *8 (E.D.N.Y. Jan. 7, 2014) (finding 9.7 hours "unreasonable given the repetitive, 'boilerplate' nature of Cable Act litigation"). In particular, the 1.4 hours Mr. Jekielek states that he spent on September 29, 2017 (Fee Aff., Ex. A, Itemized Time Record Hours, Dkt. 14-1) to prepare and file a "boilerplate" *pro forma* Request for Certificate of Default, appears unreasonable on its face. *See Kings Point Rest., Inc.,* 2017 WL 6611705, at *8 ("default actions are relatively simple legal matters."). The Court thus excludes the 1.4 hours expended on this task from the total, bringing Mr. Jekielek's reasonable attorney hours' calculation to 7.7 hours total.

Moreover, a review of the Court's docket "reveals that the Jekielek & Janis, LLP firm has repeatedly provided the court with submissions in matters involving Joe Hand that are substantially similar." *Terranova*, 2014 WL 1028943, at *9 (citing *Kingvision Pay–Per–View, Ltd., v. Soluna Bar & Lounge, Inc.,* 06-CV-5066 (ILG) (MDG), 2008 WL 2673340, at *6–7 (E.D.N.Y. May 27, 2008) (counsel's charged hourly rate of $250 deemed excessive); *Joe Hand Promotions, Inc. v. 143-0894th Corp.,* No. 07-CV-2339 (RRM) (RLM), 2008 WL 3243886, at *5 (E.D.N.Y. Aug. 7,

2008) (reducing counsel's fees and chastising counsel for his submissions)). Indeed, in prior cases, courts in this district have found that "[t]hese considerations render excessive [Plaintiff's] counsel's hourly rate of $300"; *Terranova*, 2014 WL 1028943, at *9; here, Plaintiff's counsel is seeking $400 per hour.

Given the minimal amount of time and labor required, the lack of complexity and repetitive "boilerplate" nature of litigating a default judgment in a Cable Act case (which Mr. Jekielek and his firm have done in numerous similar Cable Act cases), the excess hours billed, the relatively low default statutory damages award amount in this case ($1,313), and the fee awards granted in similar Cable Act default judgment cases litigated by Mr. Jekielek, the Court reduces the remaining attorney's fees of $3,080 (7.7 hours at $400/hour) by 40% to a total of $1,848.[3] *See Terranova*, 2014 WL 1028943, at *9 (reducing Mr. Jekielek's fees by 66%, given "the absence of contemporaneous billing records, as well as the excessiveness of the hours and the unreasonableness of the rates"); *Zyller*, 2014 WL 59979, at *8 (same). The Court thus finds that an award of $1,848 would adequately and reasonably compensate Mr. Jekielek for the time that he spent on this case.

---

[3] The Court notes that in many other recent Cable Act cases where Mr. Jekielek sought fees for default judgment in this district, his fee applications were denied because Mr. Jekielek failed to provide documentation of his time. *See Kings Point Rest., Inc.*, 2017 WL 6611705, at *9, *report and recommendation adopted*, 2017 WL 6611571 (denying fees based on failure to submit contemporaneous time records); *Joe Hand Prods., Inc. v. Zafaranloo,* No. 12-CV-3828 (RRM) (RER), 2014 WL 1330842, at *1-2, *5 (E.D.N.Y. Apr. 1, 2014) (same); *Joe Hand Promotions, Inc. v. Elmore,* No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *11 (E.D.N.Y. May 29, 2013) ("The court finds that Plaintiff lacks proper documentation to support its attorney's fee application and therefore denies Plaintiff's request for attorney's fees."); *Joe Hand Promotions, Inc. v. Soviero,* No. 11-CV-1215 (NGG), 2012 WL 3779224, at *13 (E.D.N.Y. July 31, 2012), *report and recommendation adopted*, 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012) (denying fees based on failure to submit contemporaneous time records, noting, "[i]n the future, counsel would do well to maintain contemporaneous records."). Although Mr. Jekielek has provided time records in this case, they still do not support a claim that the amount of work expended was reasonable for this case.

Plaintiff also seeks $380 for 3.8 hours of work that, according to Mr. Jekielek, Ms. Brubaker, a paralegal at his firm, performed on this case. (Fee Aff. at ¶¶ 4, 10, 11.) "T]he Court may not award fees for hours requested where the requesting party has not provided adequate documentation." *Kings Point Rest., Inc.,* 2017 WL 6611705 at *9 (citing, *inter alia, Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010), and denying similar request for fees, including paralegal Brubaker's hours, based on inadequate documentation). Because Plaintiff fails to provide any contemporaneous billing records or other documentation of Ms. Brubaker's work on this case, the Court denies that request in its entirety.

As for Plaintiff's request for an extra $10 in costs for effectuating service of the complaint, the Court denies that request, given that Mr. Jekielek's prior declaration stated that the cost of service was $125, and Plaintiff fails to substantiate or document the source or reason for the extra $10 expenditure. *See Kings Point Rest., Inc.,* 2017 WL 6611705, at *11 (denying reimbursement of service costs where no receipt or documentation was provided).

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff be awarded $1,848 in attorneys' fees and no additional costs. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
August 20, 2018